UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

PRESIDENTIAL CANDIDATE NUMBER P60005535
AKA RONALD SATISH EMRIT, PRESIDENTIAL
COMMITTEE/POLITICAL ACTION COMMITTEE/
SEPARATE SEGREGATED FUND NUMBER C00569897,
D/B/A UNITED EMRITS OF AMERICA

               v.               Civil No. 25-cv-450-JL-TSM

ERIN BURNETT OUTFRONT OF CABLE NEWS
NETWORK (CNN), THE HYPOTHETICAL ERIN
BURNETT FOR PRESIDENT 2028 CAMPAIGN,
VOLODOMYR ZELENSKYY, ESTATE OF ALEXEI
NAVALNY, MARIA CHEMIAVSKA, DARYA IGNATEVA,
KATERYNA OLOKOBA, INTERNATIONAL COURT
OF JUSTICE OF THE HAGUE, RACHEL BARREIRO GARCIA,
ESTATE OF RUTH BADER GINSBURG, SABINE AISHA
JULES, YANICK RACHEL EMRIT, EDNA CARRASCO,
ANA GOMEZ, ALINA ALVAREZ, MARENA LINARES,
ADRIANA FRANCESCA LIMA

## REPORT AND RECOMMENDATION

Appearing in forma pauperis, plaintiffs Ronald Satish Emrit, pro se, and a group of entities whom he claims to represent, filed a Complaint (Doc. No. 1) against a host of defendants including a news commentator and other individuals and entities. The Complaint, which is before this court for preliminary review under 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2), asserts no party's or claim's connection to New Hampshire. The district judge should dismiss this matter for lack of proper venue, pursuant to 28 U.S.C. § 1406(a).

## LEGAL STANDARD

The court screens complaints filed by plaintiffs proceeding in forma pauperis to determine whether the plaintiff has asserted any non-frivolous claim upon which relief might be granted, seeks monetary relief from any defendant who is immune, or fails to invoke this court's jurisdiction. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). Where the defense of improper venue is

"obvious from the face of the complaint and no further factual record is required to be developed," the court may, sua sponte, dismiss the case. Cox v. Rushie, No. CA 13-11308-PBS, 2013 WL 3197655 at *4, 2013 U.S. Dist. LEXIS 86794 at *14 (D. Mass. June 18, 2013) (quoting Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006)); see also Wilkinson v. Sec'y, Fla. Dep't of Corr., 622 F. App'x 805, 809 (11th Cir. Fla. 2015). The court construes the pleadings of pro se parties liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## DISCUSSION

Federal venue law states, in pertinent part, that a civil action may only be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)-(2).

Plaintiffs here assert a variety of common law claims, including claims on behalf of nonparties. Another federal district court described the wide-ranging allegations in the same Complaint, filed there as well as here, as follows:

> Emrit sues CNN commentator Erin Burnett and a host of other defendants (living and deceased) arguing that Burnett wrongly called Riley Curry, the daughter of NBA player Stephen Curry, ["]annoying["] and defamed former President Clinton and President Trump by suggesting a connection with Jeffrey Epstein. He further argues that Burnett spends "way too much time covering stories about Alexei Navalny and Volodymyr Zelenskyy [sic]" instead of focusing on "stories featuring African Americans." In his complaint, Emrit espouses theories on the origin of the universe, electron frequencies, atomic power, and suggests that a particular Hooters restaurant in Fort Lauderdale, Florida has "something to do with cancer cells." He seeks a declaratory judgment finding that Burnett has slandered President Trump and seeks to enjoin CNN and Burnett from further defaming President Trump. He also asks that CNN be required to apologize to Riley Curry.

Emrit v. Burnett, No. 4:25-cv-01169-BSM, 2025 U.S. Dist. LEXIS 222139, at *1 (E.D. Ark. Nov. 10, 2025). In the Complaint here, plaintiffs further allege that one defendant deactivated her

WhatsApp account without any advanced warning to Emrit, causing him "emotional distress."

Plaintiffs make no allegation in the Complaint here that there is any connection between the District of New Hampshire and any of the incidents, parties, and claims that would satisfy the venue requirements of federal law. Accordingly, this court lacks venue over this matter.

Under 28 U.S.C. § 1406(a), a case may be transferred to cure a lack of venue, in lieu of dismissal, if the transfer is in the interest of justice. As plaintiffs filed the same complaint in at least one other district, and that court dismissed the matter as frivolous, see Burnett, 2025 U.S. Dist. LEXIS 222139, at *2, there is no cause to conclude that a transfer of this matter is in the interest of justice.

## CONCLUSION

For the foregoing reasons, the district judge should dismiss the case without prejudice for improper venue. Then, the clerk should enter judgment and close the case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

November 17, 2025

cc:  Ronald Satish Emrit, pro se & on behalf of:
    Presidential Candidate Number P60005535
    Presidential Committee/Political Action Committee/
        Separate Segregated Fund Number C00569897
    United Emrits of America